**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
GB, a pseudonym; NP, a pseudonym; MA, a pseudonym, as Legal Guardian of BA, a pseudonym; PM, a pseudonym, as Parent and Natural Guardian of JM, a pseudonym; JF, a pseudonym, as parent and Natural Guardian of BF, a pseudonym; HK, a pseudonym; MV, a pseudonym, as Parent and Natural Guardian of RD, a pseudonym, on behalf of themselves individually and all other similarly situated individuals,

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-06625 (ADS)(ARL)

                Plaintiffs,

        -against-

TOWN OF HEMPSTEAD, ANTHONY SANTINO, WILLIAM MULLER III, DIANA BIANCULLI-MULLER, NASRIN G. AHMAD, MICHAEL ZAPPOLO, CITIZENS FOR SANTINO, JOHN/JANE DOE REPUBLICAN ORGANIZATIONS, AND JOHN/JANE DOE OTHER ENTITIES,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Gold Benes LLP**
*Co-Counsel for the Plaintiffs*
1854 Bellmore Avenue
Bellmore, NY 11710
      By:    Christopher J. Benes, Esq.,
                Jeffrey B. Gold, Esq.,
                Karen C. Higgins, Esq.,
                Melissa Beth Levine, Esq.,

**Kouril Office PC**
*Co-Counsel for the Plaintiffs*
480 Forest Ave. Suite 506
Locust Valley, NY 11560
      By:    Cynthia A. Kouril, Esq.,

**Bisceglie & Associates PC**
*Attorneys for Defendants Town of Hempstead, Anthony Santino, Nasrin G. Ahmad, and Michael Zappolo*
1527 Franklin Avenue Suite 301
Mineola, NY 11501
  By: Angelo R. Bisceglie, Jr., Esq.,

**William Muller, Esq.**
*Pro Se and Attorney for Defendant Diana Bianculli-Muller*
102 Second Avenue
East Rockaway, NY 11518

**Ryan Brennan & Donnelly LLP**
*Attorneys for Defendants Citizens of Santino*
131 Tulip Avenue
Floral Park, NY 11001
  By: John E. Ryan, Esq., Of Counsel.

**SPATT, District Judge**:

On November 13, 2017, the Plaintiffs GB, NP, MA, PM, JF, HK, and MV (collectively, the "Plaintiffs") filed this putative civil rights class action against the Defendants the Town of Hempstead, Anthony Santino, William Muller III, Diana Bianculli-Muller, Nasrin G. Ahmad, Michael Zappolo, Citizens for Santino, John/Jane Doe Republican Organizations, John/Jane Doe Republican Organizations (collectively, the "Defendants").

On January 30, 2018, the Plaintiffs filed a motion to disqualify Angelo Bisceglie ("Mr. Bisceglie") from representing any of the defendants in this litigation.

On September 26, 2018, the Court referred the Plaintiffs' motion to United States Magistrate Judge Arlene R. Lindsay for a report and recommendation as to whether the motion should be granted, and if so, what if any relief should be given.

On May 1, 2019, Judge Lindsay issued a Report and Recommendation (the "R&R") that the Court deny the Plaintiffs' motion to disqualify.

Presently before the Court are the Plaintiff's objections to the R&R. The court presumes familiarity with the facts and procedural background of this case, which have been set forth comprehensively in the R&R. For the reasons stated below, the Court overrules the Plaintiffs' objections and adopts the R&R in its entirety.

## I. DISCUSSION

### A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp.2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865, 2008 WL 4810043,

at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-cv-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, —— Fed.Appx. ——, No. 17-cv-383, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-Civ.-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, ... the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)).

**B. APPLICATION TO THE FACTS OF THIS CASE**

Courts may disqualify an attorney pursuant to their inherent power to preserve the integrity of the adversary process when the attorney suffers from an actual or potential conflict of interest. *Coggins v. County of Nassau*, 615 F. Supp. 2d 11, 34 (E.D.N.Y. 2009). The decision whether to disqualify counsel "is a matter committed to the sound discretion of the district court," *Cresswell*

4

*v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990), which Second Circuit case law instructs the Court to exercise reluctantly. *See Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981) ("[r]ecognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice, we have indicated that such relief should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint"); *Muniz v. Re Spec Corp., 230 F. Supp. 3d 147*, 152 (S.D.N.Y. 2017) ("Disqualification is disfavored because it has an immediate adverse effect on the client by separating him from counsel of his choice, and because motions to disqualify, even when made in the best of faith . . .. inevitably cause delay").

In the R&R, Judge Lindsay found no actual conflict exists because the Defendants have yet to take inconsistent, no less adverse, positions with respect to their liability to the Plaintiffs. With regard to any potential conflict, Judge Lindsay noted that the Town authorized the indemnification of defendants Santino, Ahmad and Zappolo, who signed a consent to join the representation by Mr. Bisceglie. The remaining individual defendants who have made appearances, Muller and Bianculli-Muller, now both represented by Muller, a licensed attorney, indicated they did not believe any conflict existed between them and Mr. Bisceglie and further expressly waived any conflict to the extent that one existed. Judge Lindsay provided an extremely thorough recitation of case law illustrating that it would be improper to deny the parties represented by Mr. Bisceglie their choice of counsel under the circumstances.

The Plaintiffs raised their objections because they claim the R&R "appears to be based on an incomplete set of facts." ECF 86 at 2. According to the Plaintiffs, Judge Lindsay failed to consider that: (1) Citizens for Santino filed an answer rather than a motion to dismiss; (2) Muller and Bianculli-Muller are entitled to have their defense fees paid pursuant to Town Code Section

5

11-2(A), notwithstanding their representation by Muller; and (3) Mr. Bisceglie volunteered to accept service on behalf of defendants Amorini, Coleman, and Ra.

The Plaintiffs' objections are speculative and conclusory. They cite no pertinent case law. And they fail to address any of the rationale supporting the findings in the R&R. Such objections are only entitled to review for clear error, of which the Court finds none. Assuming the Court applied *de novo* review, the Court sees no justification for departing from Judge Lindsay's persuasive and well-reasoned determinations.

Therefore, the Court overrules the Plaintiffs' objections and concurs with the R&R.

### III.  CONCLUSION

For the foregoing reasons, the Court overrules the Plaintiffs' objections and adopts the R&R in its entirety. Therefore, the Court denies the motion to disqualify.

**SO ORDERED**.

Dated: Central Islip, New York

June 21, 2019

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge