UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GB, *a pseudonym*; NP, *a pseudonym*; MA, *a pseudonym, as legal guardian of BA, a pseudonym*; PM *a pseudonym, as parent and natural guardian of BF a pseudonym*; HK *a pseudonym*; and MV, *a pseudonym, as parent and natural guardian of RD, a pseudonym*, on behalf of themselves individually and all other similarly situated individuals,

                    Plaintiffs,

-against-

TOWN OF HEMPSTEAD, ANTHONY SANTINO, WILLIAM MULLER III, DIANA BIANCULLI-MULLER, NASRIN G. AHMAD, MICHAEL ZAPPOLO, CITIZENS FOR SANTINO, FEDERICO AMORINI, MATTHEW R. COLEMAN, JOSEPH J. RA, JOHN/JANE DOE REPUBLICAN ORGANIZATIONS, and JOHN/JANE DOE OTHER ENTITIES

                    Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
17-CV-06625 (JMA) (ARL)

**FILED**
**CLERK**

10:11 am, Aug 05, 2024

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On April 22, 2024, Magistrate Judge Arlene R. Lindsay issued an Order (the "Discovery Order") that, among other things, denied Plaintiffs' motion to compel Defendants William Muller, III ("Muller") and Town of Hempstead (the "Town") to submit to forensic examinations of the former's personal email account and the latter's computer systems. (ECF No. 201.) Presently before the Court are Plaintiffs' objections to the Discovery Order. (ECF No. 224.) For the reasons set forth herein, Plaintiffs' objections are OVERRULED.

                    **I.    BACKGROUND**

In November 2017, Plaintiffs commenced this putative class action asserting that Defendants violated the United States Constitution and New York law by sharing and using for political purposes the names and addresses of participants in Camp ANCHOR, the Town's

recreation and education program for special needs people. (See generally, Compl., ECF No. 1.)

The parties conducted discovery under Judge Lindsay's supervision from the commencement of this case. (See Dec. 18, 2017, Sched. Order, ECF No. 44.) Over the next five years, the Court repeatedly extended the discovery deadline at the parties' request. (See Apr. 25, 2019, Minute Order, ECF No. 77; May 5, 2021, Minute Order, ECF No. 130; Electr. Orders dated Jan. 27, 2022, May 16, 2022, June 21, 2022, Sept. 20, 2022.) In October 2022, Judge Lindsay granted "one final extension" of the discovery deadline to November 2, 2022. (Oct. 13, 2022, Electr. Order; see Jan. 19, 2023, Order, ECF No. 174 at 2 ("After many extensions and several warnings from the Court that no further extensions would be granted, discovery in this five-year old case closed on November 2, 2022.").)

After the discovery deadline passed, "the parties filed a flurry of discovery motions." (May 2, 2023, Order, ECF No. 183 at 1.) Judge Lindsay ruled on those motions, authorized Plaintiffs to file "one final motion to compel the production of specific documents or categories of documents claimed to be outstanding," and "cautioned that no additional discovery, beyond that which is sought in th[e] final motion to compel shall be permitted as the time has come for discovery in this matter to end." (Jan. 19, 2023, Order, ECF No. 174 at 3-4.)

On February 1, 2023, Plaintiffs filed a motion to compel production of, or obtain sanctions for spoliation of, electronic data concerning the creation of the Camp ANCHOR participants list and the emailing of that list (the "Electronic Data"). (See ECF No. 176.) Eight weeks later, on March 31, 2023, Plaintiffs filed a supplement seeking to "have their own IT expert present" for a search of the Town computer system targeted to the Electronic Data because Town employees reportedly provided inconsistent deposition testimony about the Electronic Data. (ECF No. 180 at 3.) Judge Lindsay declined to impose sanctions, directed the Town to provide six types of

2

documents,[1] and authorized the deposition of John Werman—the individual who "was recently identified as the person who would be contacted if the Communication Department wanted to create a mailing list, similar to the list at issue in this litigation" and thus "may shed light on the allegedly missing documents as well as the possibility of spoliation." (May 2, 2023, Order, ECF No. 183 at 3-7.)

In September 2023, Plaintiffs filed a motion to compel additional depositions and authorize Plaintiffs' computer expert to examine Town computers and the personal emails of Muller and non-party Matthew R. Coleman. (ECF No. 188.) The motion was predicated in part on (1) the Town's inability to provide certain materials that reportedly should have been backed up on its electronic system, and (2) Muller's inability to locate an electronic copy of an October 31, 2017, email he received from Coleman that attached a Camp ANCHOR participants list ("Original Email"), which Muller previously produced in hard copy form. (See id.; see also ECF No. 188-5 (letter from Plaintiffs' electronic forensic consultant detailing potential remedies to these discovery issues).) Judge Lindsay denied that motion but, among other things, directed the Town to answer five detailed queries,[2] directed the Town to "conduct the relevant searches and either produce

---

[1] The six types of documents were (1) daily backups from January 2017 until November 1, 2017, from the I drive at Camp ANCHOR; (2) a list of files backed up on a given day for that specific I drive; (3) Track-It ticket or email regarding Mr. Candelaria, the IT professional who allegedly created the camp ANCHOR list; (4) a Camp ANCHOR list from Parks Department or definitive statement no email of it exists; (5) production of all 2017 registration for Camp ANCHOR 2017; and (6) a document that establishes the date Track-It crashed. (May 2, 2023, Order, ECF No. 183 at 3.)

[2] The five queries were (1) identify who accessed Camp Anchor "I drive" between January 2017 and November 30, 2017; (2) confirm that the email accounts, Track-It records, personal Town shared drives, Town computers, Town email and personal email (where applicable) of each of the Relevant Custodians (identified in the Order) were searched for all versions of the mailing list in question using not only search terms, but also file type, hash value and date range searches, and communications and access logs relevant to same; (3) indicate whether the personal email of Coleman was searched for responsive documents; (4) indicate whether the MS excel program on Coleman's computer was examined to determine what names appears on that program to address the issue of Candelaria's name appearing as the "author"; and (5) indicate whether Defendants have conducted a global search for the mail list in question. (Oct. 16, 2023, Order, ECF No. 191 at 5.)

responsive documents located during such searches or certify that the searches were conducted and that no responsive documents were located," and directed Muller to "confirm that his personal email account was searched for documents responsive to Plaintiffs' requests." (Oct. 16, 2023, Order, ECF No. 191 at 5-6.) Defendants confirmed that they complied with those obligations. (See ECF Nos. 193, 196-97.) Of note, Muller represented that he was unable to locate the Original Email but found and produced an electronic copy of an email that forward the Original Email and its attached list. (ECF No. 193; see also ECF No. 195 (Muller reiterating these representations).)

In November 2023 and January 2024, Plaintiffs sought court-intervention for Defendants' alleged failures to comply with their obligations under Judge Lindsay's prior order; Plaintiffs also renewed their forensic examination request. (ECF Nos. 194, 198.) Judge Lindsay then issued the Discovery Order, which found all of Plaintiffs' contentions meritless. The Discovery Order "accepts the representation of Defendant Muller as an attorney and officer of the Court" that he searched his email account, found only the forwarded copy of the Original Email, and electronically produced that email and its attached list. (ECF No. 201 at 3.) Given "the absence of any evidence casting doubt on Defendant Muller's representations," the Discovery Order rejected Plaintiffs' argument that an information technologies professional must search Muller's email account because the produced email "'is likely missing much of the original metadata'" and the available metadata "'may have been altered'" (Id. (quoting ECF No. 194 at 1) (internal alterations omitted; emphasis added).) In addition, the Discovery Order held that the alleged discrepancies Plaintiffs identified between interrogatory responses and deposition testimony as to whether Coleman emailed the Camp ANCHOR participants list using his personal computer or

4

Town computer were insufficient to warrant a forensic examination of Town computers.[3]  (See id. at 4-5.)  Finally, the Discovery Order declined to rule on Plaintiffs' request for sanctions.  (Id. at 5.)  That issue remains pending.  (See ECF No. 228.)

Plaintiffs filed a letter with the undersigned requesting that the Court "set a briefing schedule" for objecting to the Discovery Order.  (ECF No. 207 at 1.)  The Court directed Plaintiffs to the Federal Rule of Civil Procedure and the undersigned's Individual Rule that provide the relevant briefing schedule and page limits, and afforded Plaintiffs seven additional days to file their objections.  (See July 3, 2024, Electr. Order (first citing Fed. R. Civ. P. 72(a); and then citing Judge Joan M. Azrack's Individual Rule IV.F).)  Plaintiffs filed their objections consistent with that Order.  (ECF No. 224; see also ECF No. 231 (Defendants' response).)

## II.   LEGAL STANDARD

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." Arista Recs., LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (citation omitted); see Sampedro v. Silver Point Capital, L.P., 958 F.3d 140, 142 n.1 (2d Cir. 2020).  A district judge must consider timely objections to a magistrate judge's non-dispositive order and modify or set aside any part of the order that is clearly erroneous or contrary to law.  FED. R. CIV. P. 72(a).  Under this standard, "the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently."  Grief v. Nassau Cnty., 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) (internal quotation marks omitted).  Clear error lies only where, after examining the record, the Court is "left with the definite and firm conviction that a mistake has been committed."  Alexander v. S.C. State Conference of the NAACP, 144 S. Ct. 1221, 1240 (2024) (quoting Cooper v. Harris,

---

[3]   The Discovery Order also rejected Plaintiffs' assertion that the Town failed to answer the queries from the Court's prior Order because the Michael Candelaria Affidavit (ECF No. 196) "responds to each of the Court's queries." (ECF No. 201 at 4.)

581 U.S. 285, 309 (2017)).  Generally, a decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."  E.g., Galloway v. Cnty. of Nassau, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022) (internal quotation marks omitted).  In other words, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." Fritz v. LVNV Funding, LLC, 587 F. Supp. 3d 1, 7 (E.D.N.Y. 2022) (quoting Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)).  At bottom, the standard of review "is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused her discretion."  Galloway, 589 F. Supp. 3d at 277 (quoting Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015)) (brackets omitted).

## III.   DISCUSSION

Plaintiffs do not contend that the Discovery Order was contrary to law.  (See ECF No. 224.) Any argument to that end, even if made, would fail because Plaintiffs' objections do not cite "relevant statutes, case law, or rules of procedure" necessary for that showing.  E.g., Galloway, 589 F. Supp. 3d at 277 (internal quotation marks omitted).  Consequently, Plaintiffs have not met their "heavy burden" to show that the Discovery Order contravened controlling authority and was thus contrary to law.  Fritz, 587 F. Supp. 3d at 7 (internal quotation marks omitted).

Plaintiffs assert that "the Magistrate Court erred" in three respects.  (ECF No. 224 at 1.) Plaintiffs do not invoke the correct standard, which requires showing that the Discovery Order was "clearly erroneous."  Fed. R. Civ. P. 72(a) (emphasis added).  The Court nonetheless assumes for the sake of argument that Plaintiffs properly invoked the clear error standard.  For the reasons discussed below, however, Plaintiffs' arguments fail to give the Court a "definite and firm conviction that a mistake has been committed."  Alexander, 144 S. Ct. at 1240 (quoting Cooper, 581 U.S. at 309).

6

First, Plaintiffs contend that the Discovery Order improperly credited Muller's representations that he searched his email account and found only the email that forwarded the Original Email. (See ECF No. 204 at 1; but see ECF Nos. 193, 195 (Muller's written representations).) But Plaintiffs have not demonstrated that Judge Lindsay clearly erred in crediting Muller's twice-provided written representations concerning the search of his email account and the results therefrom. See Moore v. Kingsbrook Jewish Med. Ctr., No. 11-CV-3552, 2012 WL 1078000, at *6 (E.D.N.Y. Mar. 30, 2012) (overruling objections to a magistrate judge crediting parties' representations that they searched their email accounts and produced the resulting documents); see also In re Dental Supplies Antitrust Litig., No. 16-CV-696, 2017 WL 10181026, at *3 (E.D.N.Y. June 10, 2017) (overruling objection asserting the magistrate judge wrongly credited representations concerning discovery).

Second, Plaintiffs argue that the Discovery Order erred by declining to impose sanctions for spoliation. (See ECF No. 224 at 2 ("Plaintiffs appeal the decision regarding the TOH, as the TOH has made clear admissions of spoliation."); id. at 3 (contending the Town "willful[ly]" engaged in evidentiary misconduct).) The Court rejects this objection because the issues of whether Defendants spoliated evidence and should be sanctioned as a result remain pending. (See ECF No. 228 (Plaintiffs' pending sanctions motion).)

Third, Plaintiffs summarily assert that the Discovery Order erred in declining to compel forensic electronic examinations to remedy the alleged discovery shortcomings. (See ECF No. 224 at 3.) Nonetheless, the undersigned agrees with Judge Lindsay that compelled electronic forensic examinations are not called for on this record.[4] See Molnlycke Health Care US, LLC v.

---

4   This conclusion does not preclude Judge Lindsay from compelling electronic forensic examinations as a sanction, if appropriate. (See ECF No. 228 (Plaintiffs' pending sanctions motion).)

Greenwood Mktg., LLC, No. 22-CV-3719, 2024 WL 2048644, at *1 (S.D.N.Y. May 7, 2024) (overruling objections to magistrate judge's refusal to order the "drastic" and "invasive" relief of an electronic forensic examination (internal quotation marks omitted)); Moore, 2012 WL 1078000, at *6 (similar).

## IV.   CONCLUSION

Plaintiffs have not shown that the Discovery Order was clearly erroneous or contrary to law. Accordingly, Plaintiffs' objections to the Discovery Order are OVERRULED.

**SO ORDERED.**

Dated:   August 5, 2024
        Central Islip, New York

                                            (/s/ JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE