UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| GB, a pseudonym, NP, a pseudonym; MA, a pseudonym as Legal Guardian of BA, a pseudonym; PM, a pseudonym, as Parent and Natural Guardian of JM, a pseudonym; JF, a pseudonym, as Parent CV Natural Guardian of BF, a pseudonym; HK, a pseudonym, MV, a pseudonym, as Parent and Natural Guardian of RD a pseudonym, on behalf of themselves individually and all other similarly situated individuals, | **REPORT AND RECOMMENDATION** 17-6625 (JMA)(ARL) |

Plaintiffs,

-against-

TOWN OF HEMPSTEAD, ANTHONY SANTINO, WILLIAM MULLER III, DIANA BIANCULLI-MULLER, NASRIN G. AHMAD, MICHAEL ZAPPOLO, CITIZENS FOR SANTINO, FEDERICO AMORINI, MATTHEW R. COLEMAN, JOSEPH RA, JOHN/JANE DOE REPUBLICAN ORGANIZATION, JOHN/JANE DOE OTHER ENTITIES,

Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Plaintiffs, handicapped adults and parents of handicapped infants who attend a camp for the developmentally disabled run by the defendant Town of Hempstead (the "Town" or "TOH"), bring this putative class action asserting various constitutional violations and state law claims arising out of the release of Plaintiffs' personal information against the Town, Anthony Santino, Nasrin G. Ahmad, Michael Zappolo, Frederick Amorini, Matthew R. Coleman, Joseph J. Ra (collectively "Town Defendants"), William Muller III and Diana Bianculli-Muller (together "Muller Defendants") and Citizens for Santino ("CFS" and collectively, "Defendants"). Before the Court, on referral from District Judge Azrack, is Plaintiffs' motion to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15. ECF No. 216. Defendants

have opposed the motion. ECF Nos. 217-220.[1]  For the reasons set forth below, the undersigned respectfully recommends that the motion be granted in part and denied in part.

## BACKGROUND

### I.  Procedural History

Plaintiffs filed the complaint in this action on November 13, 2017.  ECF No. 1.  On November 18, 2017, Plaintiffs moved for a preliminary injunction seeking to prevent further distribution of information contained on the Camp Anchor camper address list.  ECF No. 20.  Following a conference before the undersigned on December 12, 2017, the parties resolved the motion for a preliminary injunction.  Defendants moved to dismiss the Complaint on January 12, 2018.  ECF No. 48.  Shortly thereafter, Plaintiffs moved to disqualify Defendants' counsel.  ECF No. 60.  On February 8, 2018, Judge Spatt terminated Defendants' motion to dismiss in light of the motion to disqualify, ordering that it would be reinstated in the event the motion to disqualify was denied.  The motion to disqualify counsel was denied by Judge Spatt.  ECF No. 92.

Plaintiffs filed an Amended Complaint on May 7, 2019, asserting claims for violation of the Equal Protection and Due Process clauses, as well as state law claims for breach of implied covenant of good faith and fair dealing, conversion, breach of fiduciary duty and seeking an injunction.  ECF No. 79.  On July 25, 2019, Defendants moved to dismiss the Amended Complaint.  ECF No. 96.  On November 13, 2020, District Judge Hurley granted Defendants' motion to dismiss as to the claims asserted for violations of the Equal Protection clause, Procedural Due Process, breach of the implied covenant of good faith, and conversion as against

---

[1] Also pending before the Court is Plaintiffs' motion for sanctions, ECF No. 236, that shall be addressed in a separate order.

2

all Defendants and the Substantive Due Process claim against Bianculli-Muller. ECF No. 117. Plaintiffs' request for an injunction was also dismissed. *Id*.

On June 14, 2021, Plaintiffs filed a motion for permission to file a second amended complaint. ECF No. 131. Plaintiffs argued that since the Court found that Plaintiffs' pleading with respect to the Equal Protection claim was deficient for failure to specify comparators, Plaintiffs sought to file a second amended complaint to clarify that the circumstances of some of the comparators were, in fact, in the Amended Complaint, but not named as such, and also to identify additional comparators. ECF No. 131 at 1. By letter dated December 14, 2021, Plaintiff sought permission to withdraw the motion to file a second amended complaint and asked that briefing on the resubmitted motion be deferred until after the completion of discovery. ECF No. 142. The Court granted Plaintiffs' request and directed that a briefing schedule on the motion to amend would be set upon the completion of discovery. ECF No. 144.

Discovery in this matter was closed in November 2022 and was followed by a flurry of discovery motions. *See, e.g.,* ECF Nos. 162, 165, 167, 176, 180, 194, 207. Discovery was ultimately completed on April 22, 2024. ECF No. 201. Despite appealing this Court's order declaring that discovery had been completed, Plaintiffs filed the instant motion to file a Second Amended Complaint on June 24, 2024.[2] ECF No 216. Plaintiffs are seeking permission to file the Second Amended Complaint first to "tweak" the claims remaining in the complaint to reflect facts learned in discovery and to "imbibe those causes of action with the language from Judge Hurley's Order." Pl. Mem at 2. Plaintiffs also seek to replead their Equal Protection Claim, which was dismissed by Judge Hurley, to identify comparators. *Id*. at 3. Finally, Plaintiffs seek

---

[2] Plaintiffs simultaneously filed a motion to file the verification of the Second Amended Complaint and a declaration in support of the motion both signed GB, using GB's full name. ECF No. 215. That motion is hereby granted.

3

to amend the caption to correct mistakes in word order that resulted in the wrong initials being used for the pseudonyms of some class representatives, eliminate some class representatives, remove defendant Joseph Ra who passed away during the pendency of this action, and identify a "John Doe Organization."[3] *Id*. The Muller Defendants' opposition to the motion to amend focuses exclusively on Plaintiffs' efforts to replead an Equal Protection Claim and does not address the remainder of Plaintiffs' motion. *See* ECF No. 217, Muller Def. Mem. at 2. The opposition filed by the Town Defendants argues that the proposed amendment is untimely, and that Plaintiffs' "proposed amendment lacks timelines and sufficient allegations of facts in order to state a claim for relief. Plaintiffs have introduced no new facts to suggest their claims for violation of the Equal Protection Clause (Class of One), Substantive Due Process Claim, and Breach of Fiduciary Duty." TOH Def. Mem. at 5. The Court notes that Plaintiffs have not sought to amend the Substantive Due Process and Breach of Fiduciary Duty claims, which Judge Hurley did not dismiss. Plaintiffs seek to amend only the Equal Protection Claim, and also drop Joseph Ra as a defendant and add the Nassau County Republican Committee, that was formerly identified only as John/Jane Doe Republican Organization.[4] In that vein, however, the Court notes that, without discussion, Plaintiffs have asserted their Substantive Due Process claim against all Defendants despite Judge Hurley's dismissal of such claims against Defendant Bianculli-Muller. Other than with respect to timeliness, the opposition of both Defendant groups

---

[3] The Court notes that Plaintiffs' original motion for permission to file an amended complaint, filed on June 14, 2021 did not seek permission to substitute the Nassau County Republican Committee for John/Jane Doe Republican Organization. *See* ECF 131. Additionally, in November 2022, Plaintiffs sought permission to file a motion to amend the complaint to correct the deficiencies identified by the Court in the dismissed equal protection cause of action, without mention of adding a defendant. ECF No. 166.
[4] Plaintiffs have amended virtually every page of the complaint and have added and removed Defendants. Neither Defendant group has addressed these changes.

4

is limited to opposition of Plaintiffs' amendment of the dismissed Equal Protection claim, and, therefore, the remainder of Plaintiffs' motion is deemed unopposed.

## II. Factual Background

The Court presumes familiarity with the facts of this case, which are set forth in great detail in Judge Hurley's November 2020 Memorandum and Order. This report and recommendation only includes those facts that are necessary for resolution of the instant motion. The following summary of the facts is taken from the Proposed Second Amended Complaint ("2nd Am. Compl.") and are assumed true for purposes of this motion.

Camp Anchor is a recreational and educational year-round program for adults and children with special needs run by the Town's Parks and Recreation Department. *Id.* at ¶¶17, 18. To be accepted into the Camp Anchor program, the camper or their parent or guardian is required to submit a detailed medical history to the Camp. *Id.* at ¶¶ 24, 25. According to the Complaint, the Town made the entire list of Camp Anchor participants and their families public by giving it to Defendant William J. Muller, purportedly in response to a Town of Hempstead Freedom of Information Law ("FOIL") request made by Muller as a private citizen. *Id.* at ¶¶ 31-32.

Plaintiffs assert three causes of action against all Defendants, including the newly added Nassau Republican Committee – violation of the Equal Protection Clause (First Cause of Action); violation of the Substantive Due Process Clause (Second Cause of Action); and Breach of Fiduciary Duty (Third Cause of Action). In the November 2020 Memorandum and Order, Judge Hurley found that Plaintiffs had adequately alleged Substantive Due Process (other than with respect to Defendant Bianculli-Muller) and Breach of Fiduciary Duty, but he dismissed

5

Plaintiffs' Equal Protection Claim, holding that Plaintiffs had failed to identify comparators as required under Second Circuit law. In the 2nd Am. Complaint Plaintiffs identify two different classes of comparators, the first are individuals whose personal information was treated differently than that of Plaintiff, and the second are requesters of private information that were treated differently that Defendant Muller. 2nd Am. Compl, ¶ 48. Plaintiffs identify the following comparators: "1) Town Employees, Rebecca Furst, John Rottkamp and the TOH lifeguards; 2) the Camper whose address was sought by GB; 3) the deceased Camp Anchor counselors whose addresses were sought by GB; and 4) the Camp Anchor Campers/Guardians whose personal information was not produced to Stephanie Dazio, of Newsday." 2nd Am. Compl. ¶ 85. Plaintiffs further contend that Defendant Muller was treated differently than other requesters when he made his FOIL request in that the list was quickly released to him without the Town following its usual procedure. 2nd Am. Compl. ¶ 88.

## DISCUSSION

### I. Standard of Review

Plaintiffs move to amend the complaint.[5] Under Rule 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is

---

[5] In support of the motion to amend the complaint Plaintiffs have submitted voluminous exhibits, containing affidavits, deposition transcripts and other extrinsic evidence. ECF No. 216. Similarly, in support of their futility arguments, Defendants have submitted extensive materials outside of the pleadings. ECF Nos. 217-20. This extrinsic material is not properly considered on a motion to amend. *See Contractual Obligation Prods., LLC v. AMC Networks, Inc.,* 04 Civ. 2867, 2006 U.S. Dist. LEXIS 16402 (SDNY Mar. 31, 2006). "In making a futility determination, a court may consider the allegations in the complaint, as well as any documents attached to the complaint as exhibits or incorporated by reference." *Heim v. Dougherty*, No. 19-CV-01160 (JLS) (MJR), 2020 U.S. Dist. LEXIS 159500, at *11, 2020 WL 5659440 (W.D.N.Y. Aug. 31, 2020); *see also Shpak v. Curtis*, No. 10-CV-1818, 2012 U.S. Dist. LEXIS 19199, at *24, 2012 WL 511478 (E.D.N.Y. Feb. 14, 2012) (on a motion to amend, "the court must limit itself to the allegations in the complaint, as well as to any documents attached to the complaint as exhibits, or incorporated by reference"); *Permatex, Inc. v. Loctite Corp.*, 2004 U.S. Dist. LEXIS 10953, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) ("materials outside of the pleadings . . . cannot be considered on a motion for leave to amend"). Accordingly, for purposes of this motion to amend the Court has limited its review to the

one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2).

Plaintiffs also seek to drop a party and add a new party. When a proposed amendment seeks to add new parties, the propriety of the proposed amendment is governed by Rule 21 which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21; *see Addison v. Reitman Blactop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011*); Savine-Rivas v. Farina*, CV-90-4335, 1992 U.S. Dist. LEXIS 11524, 1992 WL 193668, at *1 (E.D.N.Y. Aug. 4, 1992) (because the new complaint sought "to add not just new claims or updated facts[,] but also new parties[,]" along with Rule 15(a), Rules 20(a) and 21 were also involved). Rule 20(a) permits the inclusion of additional defendants if "any right to relief is asserted against them jointly, severally, or . . . with respect to . . . the same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See, e.g., Barr Rubber Prods. Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1127 (2d Cir. 1970) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"); *Liegey v. Ellen Figg, Inc.*, 2003 U.S. Dist. LEXIS 9898, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally").

---

proposed Second Amended Complaint, the exhibits attached thereto, and prior Court filings, which this Court can judicially notice.

In deciding whether to allow Plaintiffs to amend the complaint pursuant to Rule 15(a), or to permit the addition of new defendants under Rule 21, "courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison*, 283 F.R.D. at 79 (citations and internal quotation marks omitted). "Thus, leave to amend a complaint . . . 'should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court.'" *Id.* (quoting *DeFazio v. Wallis*, No. 05–CV–5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

Defendants argue that the motion to amend in not timely. Where, as here, a Court has issued a scheduling order, pursuant to Rule 16, such an order "may be modified only for good cause." Fed. R. Civ. P. 16(b). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff, as the movant, has the burden of proving good cause. *Ahmed v. Astoria Bank*, No. 14-CV-4595, 2015 U.S. Dist. LEXIS 92689, 2015 WL 4394072, at *2 (E.D.N.Y. July 16, 2015). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340. "A party has not acted diligently where the proposed amendment to the pleading is based on information that the party knew, or should have known, in advance of the deadline sought to be extended." *Ahmed*, 2015 U.S. Dist. LEXIS 92689, 2015 WL 4394072, at *2 (citations and internal quotation marks omitted). Finally, "[a]lthough diligence is the primary focus of a 'good cause' analysis, a court may, in its discretion, also consider other factors, such as whether 'allowing the amendment of

8

the pleading at this stage of the litigation will prejudice defendants.'" *Id.* (quoting *Kassner v. 2nd Ave Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).

In addition, Defendants argue that the proposed amendment is futile. An amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

## II. Analysis

### A. Timeliness

The TOH Defendants contend that Plaintiffs' motion to amend should be denied because it is untimely. TOH Def. Mem. at 3-5. According to the TOH Defendants, Plaintiffs "seek to amend the Complaint a second time in order to add information that was available to Plaintiffs

9

approximately 6 ½ years ago." *Id*. at 3. They argue that "Plaintiffs should have amended their deficiencies with their Equal Protection Claim for failure to state a claim when they filed their Verified Amended Complaint. Plaintiffs were in possession of basically the same declarations at the time they filed their Verified Amended Complaint. Nothing has changed." *Id*. at 4. However, Plaintiffs' Amended Complaint was filed prior to the District Court's ruling on Defendants' motion to dismiss which dismissed Plaintiffs' Equal Protection claim. Moreover, on June 14, 2021, Plaintiffs filed a motion for permission to file a second amended complaint, arguing that since the Court found that Plaintiffs' pleading with respect to the Equal Protection claim was deficient for failure to specify comparators, a second amended complaint was necessary to rectify this deficiency. ECF No. 131 at 1. By letter dated December 14, 2021, Plaintiffs sought permission to withdraw the motion and asked that briefing on the resubmitted motion be deferred until after the completion of discovery. ECF No. 142. The Court granted Plaintiffs' request and directed that a briefing schedule on the motion to amend would be set upon the completion of discovery. ECF No. 144.

Although formal discovery in this matter closed on November 2, 2022, the parties engaged in a series of discovery disputes that were ultimately completed in August 2024, when Judge Azrack denied Plaintiffs' appeal of this Court's April 2024 Discovery Order. ECF No. 233. The instant motion to amend the complaint was filed on June 24, 2024, shortly after the completion of discovery, as contemplated by the Court's order in December 2021, directing that the motion to file a second amended complaint directed to Plaintiffs' equal protection claim be filed upon the completion of discovery. Accordingly, with respect to the Equal Protection claim Plaintiffs' motion to amend is timely.

10

Plaintiffs' motion to add the Nassau County Republican Committee, however, is not timely. Plaintiffs' original motion for permission to file a second amended complaint, filed on June 14, 2021 did not seek permission to substitute the Nassau County Republican Committee for John/Jane Doe Republican Organization. *See* ECF 131. Additionally, in November 2022, Plaintiffs sought permission to file a motion to amend the complaint to correct the deficiencies identified by the Court in the dismissed equal protection cause of action, without mention of adding a defendant. ECF No. 166. The addition of the Nassau County Republican Committee was not mentioned by Plaintiffs until June 2024, seven years after this action was filed and following the close of discovery. Plaintiffs offer no justification for their belated request to add this new defendant. Plaintiffs' motion would require that discovery be reopened because as a party defendant, the Nassau County Republican Committee would be entitled to take depositions and seek documents. This weighs against finding good cause to excuse the failure to amend prior to the Rule 16 deadline. *See, e.g., Weisshaus v. Port Auth. of New York & New Jersey*, No. 21-CV-2062-ENV-SJB, 2023 U.S. Dist. LEXIS 90096, 2023 WL 3603414, at *3 (E.D.N.Y. May 23, 2023) ("a party would be entitled to take depositions and seek documents, something which as a mere witness, he could not have done. This counsels strongly against finding good cause to excuse the failure to amend prior to the Rule 16 deadline"); *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 366 (S.D.N.Y. 2020) ("[T]hese proposed new defendants are not before the Court and reopening the case to add them would certainly risk a re-do of the entire discovery process") (collecting cases); *Weaver v. Warrington*, No. 14-CV-7097, 2018 U.S. Dist. LEXIS 180557, 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018) ("[The motion to amend], if granted, would cause not a simple delay in the schedule but a reopening of discovery. That is one

11

reason why, not surprisingly, courts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery") (collecting cases).

"The burden of showing diligence rests on the moving party." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (citing *Parker*, 204 F.3d at 340). As the Second Circuit has stated "[a] finding of good cause depends on the diligence of the moving party." *Grochowski v. Pheonix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (citing *Parker*, 204 F.3d at 340). Plaintiffs' have failed to demonstrate good cause for the addition of this defendant so late in the litigation. In their reply, Plaintiffs state that "[d]uring discovery, we also learned that the only official campaign staff for Citizens For Santino was Campaign Treasurer Ellen Muller, Defendant William Muller's sister. It doesn't get anymore 'insider' to the campaign than that. We seek to join The Nassau County Republican Committee. Ellen Muller is also the personal assistant to Nassau Republican Committee Chairman Joeseph Mondello." Pl. Reply at 3. This single reference is the only mention of the Nassau County Republican Committee and does not demonstrate that Plaintiffs were diligent in moving to amend the complaint to add this defendant. Plaintiffs offer no detail about when they learned the information necessary to add the Nassau Republican Committee as a party. While Plaintiffs sought, and received, an extension of time to file an amended complaint to plead an Equal Protection claim, the failure to mention their intention of adding this defendant is fatal to Plaintiffs' motion with respect to the addition of the Nassau County Republican Committee. Accordingly, the undersigned respectfully recommends that Plaintiffs' motion to add the Nassau County Republican Committee as a defendant be denied.

### B. Futility

12

Defendants also argue that Plaintiffs' motion to amend the complaint should be denied as futile because Plaintiffs have failed to identify comparators that are prima facie identical to Plaintiffs and therefore they have failed to allege an Equal Protection claim. TOH Def. Mem. at 6-7; Muller Def. Mem. at 5-14. In response, Plaintiffs contend that Defendants misunderstand who the proper comparators are and misstate the requirements of the Public Officers Law. Pl. Reply Mem. at 4-8.

Judge Hurley found that Plaintiffs' class-of-one claim under the Fourteenth Amendment's Equal Protection Clause failed because Plaintiffs had failed to identify "comparators that are prima facie identical."[6] Nov. 2020 Order at 13. The Court noted that the "complaint refers to 'the TOH routinely refusing to release this type of personal information for employees, TOH residents, including Camp Anchor families and/or other private citizens." Amended Compl. ¶ 65. But rather than specifically identifying comparable requests that were denied, Plaintiffs state in general terms that "the Town routinely protect[s] the personal information of Town workers and others" and then go on to list various procedures that the Town allegedly failed to follow with respect to the Muller Request. This is insufficient to fulfill their pleading obligation." *Id.* at 13.

In an effort to cure this pleading defect Plaintiffs now point to requests made by a camper to camp administrators for the addresses of fellow campers and counselors as well as FOIL requests for the names and addresses of TOH Employees and TOH lifeguards that were rejected.

---

[6] In the proposed Second Amended Complaint Plaintiffs once again assert a "class of one" Equal Protection claim. Nowhere in the proposed Second Amended Complaint do Plaintiffs allege a selective enforcement Equal Protection claim. *See* 2nd Am. Compl. ¶ 83. Nevertheless, Plaintiffs ask the Court to apply the lesser standard applicable only to selective enforcement claims. *See* Pl. Mem. at 18-19. The undersigned has applied the standard applicable to a class of one claim.

13

Pl. Reply Mem. at 4. Plaintiffs also identify two requests for the Camp Anchor list made subsequent to the filing of this litigation. Pl. Mem. at 7-8. Finally, Plaintiffs argue that Defendant Muller was treated differently than other requesters when he made his FOIL request in that the list was quickly released to him without the Town following its usual procedure. Pl. 16-17. Thus, the question before the court is whether Plaintiffs have plausibly pled comparators that will support Plaintiffs' "class of one" claim.

In *Neilson v. D'Angelis*, 409 F.3d 100 (2d Cir. 2005), the Second Circuit held that "[i]n order to succeed on a 'class of one' claim, the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." *Neilson*, 409 F.3d at 104. "More precisely, a plaintiff must establish that he and a comparator are 'prima facie identical' by showing that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Hu v. City of New York,* 927 F.3d 81, 94 (2d Cir. 2019) (citing *Neilson*, at 105); *Pistolesi, Alltow, Inc. v. Calabrese,* 666 F. App'x 55, 58 n. 2 (2d Cir. 2016) ("In class-of-one claims, a plaintiff is required to identify comparators that are 'prima facie identical' in order to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose is all but certain.") (citation and internal quotation marks omitted). Because a "class-of-one" claim does not require proof of a defendant's ill-will, "it requires an 'extremely high' degree of similarity between a plaintiff and comparator." *Id*.; *see also Certified Collision Experts, Inc. v. Town of Babylon*, No. 23-CV-08524 (JMA) (LGD), 2024 U.S. Dist. LEXIS 216318, 2024 WL 4904161 (E.D.N.Y. Nov. 27,

14

2024). Thus, "plausibly pleading a class-of-one claim is not . . . an easy task." *Benjamin v. Town of Islip*, No. 20-CV-56, 2022 U.S. Dist. LEXIS 67522, 2022 WL 1090608, at *2 (E.D.N.Y. Apr. 12, 2022); *see Close v. Bedford Cent. Sch. Dist.,* No. 23-CV-4595, 2024 U.S. Dist. LEXIS 125457, 2024 WL 3427213, at *8 n.12 (S.D.N.Y. July 16, 2024).

Plaintiffs argue that requests for addresses of counselors and campers made by Plaintiff GB in 2010 and 2017, which were directed to Camp Administrators were comparable to Muller's FOIL request here. Pl. Mem. at 9-10. In a "class of one" case, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high" to the point that they are "prima facie identical." *See Neilson,* 409 F.3d at 104-105. Plaintiffs' claim is that their personal information was disclosed in response to a FOIL request, while the personal information of other individuals was not disclosed. Any comparators must involve the disclosure of personal information in response to a FOIL request. Accordingly, the requests made by GB to camp administrators are not similar in all material respects and not comparable to Plaintiffs' claim here.

Plaintiffs also argue that the Town employees and Town lifeguards are comparators of Plaintiffs and information regarding their home addresses was not provided in response to a FOIL request. Pl. Mem. at 10-11. According to Plaintiff, Felix Procacci submitted a Foil request to the TOH for the resumes of two town employees and the home addresses of both were redacted from the responses. 2nd Am. Compl. ¶¶ 50, 52. In addition, Plaintiffs contend that Doug Gold submitted a FOIL request to the TOH for the names and addresses of TOH lifeguards and that request was denied. *Id*. at ¶53. Defendant Muller argues that the Town employees and lifeguards are not comparators because Public Officers Law § 89 (7) expressly exempts the home addresses of town employees from disclosure. Indeed, "Public Officers Law § 89 (7) indicates

15

its desire to protect public employees from harassment at home. That statute provides that '[n]othing in [FOIL] shall require the disclosure of the home address of an officer or employee' of the state." *Matter of Suhr v New York State Dept. of Civ. Serv.,* 193 AD3d 129, 131, 142 N.Y.S.3d 616 (3d Dept. 2021).  Thus, the disclosure of the home addresses of employees is expressly exempt from disclosure in accordance with Public Officer Law 89(7).  It is well settled that FOIL "be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government." *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252, 505 NE2d 932, 513 NYS2d 367 (1987).  The exemption set forth in Public Officers law § 89(7) must be read narrowly, and by definition it applies only to employees.  Plaintiffs in this action, however, are not employees of the Town and therefore this section of the Public Officers Law does not apply to them.  Accordingly, these FOIL requests that the Town rejected are not comparable to Plaintiffs.

In addition to the requests made by GB to unidentified camp administrators and the requests for employee home addresses, Plaintiffs also argue that the TOH's refusal to provide the Camp Anchor camper address list in response to a FOIL request made by Stephanie Dazio is a suitable comparator for Plaintiffs' Equal Protection claim.  2nd Am. Compl. ¶ 85.  However, Dazio's request was made after Plaintiffs' initiation of a state court proceeding (which was later withdrawn, *see* ECF No. 29) and, at the time, by Plaintiffs' own admission, the parties were discussing a protective order preventing further dissemination of the list.  *See* ECF No 29.  On November 28, 2017, prior to the TOH's response to the Dazio request, Plaintiffs moved for a temporary restraining order and preliminary injunction to prevent further dissemination of the list, ECF No. 20, and by December 12, 2017 the parties had reached an agreement "wherein the Defendants agree not to further disseminate the names and addresses of the Camp Anchor

16

campers and families pending a resolution of this lawsuit." ECF No. 40.  In light of the pendency of this lawsuit and the negotiations regarding the further dissemination of the Camp Anchor camper address list, Dazio's request cannot be used as a comparator to provide an inference that Plaintiffs were intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose is all but certain.

Finally, Plaintiffs allege that a second form of comparator i.e., those requesting the Camp Anchor camper address list who received different treatment than Muller, can support Plaintiffs' Equal Protection claim.  2nd Am. Compl. ¶¶ 58-66.  However, in their reply memorandum Plaintiffs point out that, in opposition to Plaintiffs' motion to amend, Defendants incorrectly argued that the comparable requestors of information – i.e., comparable to Defendant Muller, must be prima facie identical.  Plaintiffs argue that this is not the correct comparison.  Pl. Reply Mem. at 4-5.  Plaintiffs are correct. Plaintiffs are required to allege that the names and addresses of other individuals similar to themselves were not released.  However, by this same reasoning, Plaintiffs attempt to identify comparators that requested information and were treated differently than Defendant Muller also fails.  2nd Am. Compl. ¶ 48.  The requesters of information are not comparable to Plaintiffs, Plaintiffs complaint is based upon the release of their personal information, and not on their treatment as a requestor of information.

Public Officers Law § 89(2)(b) contains eight exceptions to disclosure which would amount to an invasion of personal privacy and which could apply to Plaintiffs, but Plaintiffs have not identified any comparators that would be protected by this section of the Public Officers Law.  Put differently, Plaintiffs have not identified comparators that were not employees of the TOH, but, who had their addresses protected from disclosure in response to a FOIL request by the Town.  Accordingly, the undersigned respectfully recommends that Plaintiffs' motion to file

a second amended complaint to replead the Equal Protection claim dismissed by Judge Hurley be denied.

To the extent Plaintiffs seek to file a second amended complaint to remove defendant Joseph Ra, and to more accurately conform the pleading to the facts, the motion is unopposed. Defendants also fail to oppose Plaintiffs' assertion of a substantive due process claim against Defendant Bianculli-Muller.  Judge Hurley dismissed the substantive due process claim against Defendant Bianculli-Muller on the grounds that Plaintiffs had failed to allege facts supporting her participation in the release of the Camp Anchor camper address list.  Nov. 2020 Order at 20. Plaintiffs have not presented any argument to the Court identifying new factual allegations curing this defect.  While the unopposed amendments would typically be allowed the undersigned respectfully recommends that to the extent Plaintiffs intended to reassert the substantive due process claim against Defendant Bianculli, the motion be denied.  The remainder of the unopposed amendments should be allowed.

Accordingly, the undersigned recommends Plaintiffs be permitted to file the Second Amended Complaint to the extent it does not contain claims asserted against the Nassau Republican Committee, an Equal Protection Claim against any of the Defendants or a Substantive Due Process claim against Defendant Bianculli-Muller.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections.

18

Failure to file objections will result in a waiver of those objections for purposes of appeal. *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
February 10, 2025

                                                      _____/s_____
                                                      ARLENE R. LINDSAY
                                                      United States Magistrate Judge