UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

GB, *a pseudonym*; NP, *a pseudonym*; MA, *a pseudonym,*
*as legal guardian of BA, a pseudonym*; PM *a pseudonym,*
*as parent and natural guardian of BF a pseudonym*; HK
*a pseudonym*; and MV, *a pseudonym, as parent and*
*natural guardian of RD, a pseudonym*, on behalf of
themselves individually and all other similarly situated
individuals,

                        Plaintiffs,


                   -against-


TOWN OF HEMPSTEAD, ANTHONY SANTINO,
WILLIAM MULLER III, DIANABIANCULLI-MULLER,
NASRIN G. AHMAD, MICHAEL ZAPPOLO,
CITIZENS FOR SANTINO, FEDERICO AMORINI,
MATTHEW R. COLEMAN, JOSEPH J. RA,
JOHN/JANE DOE REPUBLICAN ORGANIZATIONS,
and JOHN/JANE DOE OTHER ENTITIES,

                        Defendants.

------------------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

3/6/2025 12:26 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
17-CV-06625 (JMA) (ARL)

**AZRACK, United States District Judge:**

Plaintiffs, handicapped adults and parents of handicapped infants who attend a camp for the developmentally disabled run by the defendant Town of Hempstead (the "Town" or "TOH"), bring this putative class action asserting constitutional violations and state law claims arising out of the release of Plaintiffs' personal information against the Town, Anthony Santino, Nasrin G. Ahmad, Michael Zappolo, Frederick Amorini, Matthew R. Coleman, Joseph J. Ra (collectively "Town Defendants"), William Muller III and Diana Bianculli-Muller (together "Muller Defendants") and Citizens for Santino ("CFS" and collectively, "Defendants"). Presently before the Court is Plaintiffs' motion to amend their complaint. (ECF No. 216.) The Court presumes familiarity with the background of this case, which is set forth in Magistrate Judge Arlene R. Lindsay's February 10, 2025, Report and Recommendation ("R&R") on the instant motion. (See ECF No. 249.) In the R&R, Judge Lindsay recommended that the Court grant in part and deny in

part Plaintiffs' motion.  (See ECF No. 249 at 18.)  Plaintiffs and the Town Defendants filed timely

objections to the R&R.  (ECF No. 252; ECF No. 253.)

For the reasons explained below, the Court OVERRULES the parties' objections and

ADOPTS the R&R.

## I.    LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P.

72(b)(3) (similar).  In reviewing a magistrate judge's report and recommendation, a court must

"make a de novo determination of those portions of the report or . . . recommendations to which

objection[s] [are] made."  28 U.S.C. § 636(b)(1)(C) (emphasis added); see FED. R. CIV. P. 72(b)(3)

(similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y.

2017), aff'd, 717 F. App'x 26 (2d Cir. 2017).  By contrast, those portions of a report and

recommendation to which there is no specific reasoned objection are reviewed for clear error.  See,

e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).  Additionally, "the district

court 'will not consider new arguments raised in objections to a magistrate judge's report and

recommendation that could have been raised before the magistrate but were not.'"  Fossil Grp.,

Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v.

Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)); see Piligian v. Icahn Sch. of Med. at Mount

Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (explaining that such arguments "may not be

deemed objections at all" (internal quotation marks omitted)).

## II.    DISCUSSION

In the R&R, Judge Lindsay recommended that the Court permit Plaintiffs to "file the

Second Amended Complaint to the extent it does not contain claims asserted against the Nassau

Republican Committee ("NRC", an Equal Protection Claim against any of the Defendants or a Substantive Due Process claim against Defendant Bianculli-Muller." (R&R at 18.) Specifically, the R&R found that claims against the Nassau Republican Committee are untimely, the Equal Protection Claim is futile for lack of sufficiently similar comparators, and substantive due process claims against Defendant Binculli-Muller are futile. (See id.) Judge Lindsay then recommended that the Court permit the remainder of the amendments. (Id.at 18.) The Town Defendants and Plaintiffs object to the R&R for various reasons. (See ECF No. 252; ECF No. 253.) These objections are addressed in turn.

The Town Defendants object to Judge Lindsay's R&R on two grounds. First, the Town Defendants assert that Plaintiff's substantive due process claims should be dismissed because they do not "state a claim to relief that is plausible on its face." (ECF No. 252 at 4.) Second, the Town Defendants argue that, with respect to Plaintiffs' breach of fiduciary duty claim, "[t]estimony deduced from depositions clearly establishes the fact that there were no medical records of Camp Anchor participants released by the Town of Hempstead or by any of the Defendants. Therefore, the Plaintiffs will not be able to show that the Defendants breached a duty of care." (Id. at 5-6.) As Judge Lindsay makes clear in the R&R, however, that "Plaintiffs have not sought to amend the Substantive Due Process and Breach of Fiduciary Duty claims, which Judge Hurley did not dismiss. Plaintiffs seek to amend only the Equal Protection Claim . . ." (R&R at 4.) The Town Defendants recognize this fact (see ECF No. 252 at 1), yet still proceed to argue that Plaintiff's claims are futile. Such an argument, however, is inappropriate here, as Plaintiffs do not seek to amend these causes of action. The Town Defendants' objections are merely arguments that the Court should dismiss Plaintiffs causes of action for failure to state claims, which can only be properly considered on a motion to dismiss or a motion for summary judgment, especially when

Defendants "submitted extensive materials outside of the pleadings," which "is not properly considered on a motion to amend." (R&R at 6 n.5) (citing Contractual Obligation Prods., LLC v. AMC Networks, Inc., 04 Civ. 2867, 2006 U.S. Dist. LEXIS 16402 (SDNY Mar. 31, 2006)); (See generally, ECF No. 252 (citing multiple depositions and exhibits outside of the pleadings.) The Court therefore OVERRULES the Town Defendants' objections.

Plaintiffs provide four objections to the R&R: (1) the R&R erred in finding that "John/Jane Doe Republican Organizations" should not be replaced with "Nassau County Republican Committee"; (2) the R & R erred with respect to the timing of correcting the Caption; (3) The R & R incorrectly found Dazio is not a comparator to Muller; and (4); the "Class of One" claim was incorrectly evaluated. (ECF No. 253 at 2.)

First, the Court rejects Plaintiffs' argument that claims against the NRC are timely. Plaintiffs suggest that because "[t]he fact that "John/Jane" was a placeholder for the Nassau Republican Committee was never a secret and comes as no surprise to any party," the Court should permit substitution. (Id. at 4.) Plaintiffs' assertions, however, do not contravene the R&R's rationale for denying this substitution, coming seven years after the action was filed and after the close of discovery. (See R&R at 11) ("Plaintiffs' motion would require that discovery be reopened because as a party defendant, the Nassau County Republican Committee would be entitled to take depositions and seek documents. This weighs against finding good cause to excuse the failure to amend prior to the Rule 16 deadline.") (citing Weisshaus v. Port Auth. of New York & New Jersey, No. 21-CV-2062, 2023 WL 3603414, at *3 (E.D.N.Y. May 23, 2023)). The Court agrees with Judge Lindsay that at this late hour in litigation, allowing substitution and the reopening of discovery would be inappropriate.

4

Plaintiffs' second objection, regarding the timing of the caption, does not appear to conflict with any findings in the R&R.  To the extent that Plaintiffs seek to add a substantive due process claim against Defendant Bianculli-Miller, that objection is denied for the reasons provided in the R&R.  (See R&R at 18.)  To the extent that Plaintiffs seek to "move or enter into a stipulation to correct the caption to remove Joseph Ra, who passed away during the pendency of this action," they may do so.[1]

Plaintiffs' third and fourth objections are intertwined, and the Court deals with them together.  Essentially, the thrust of these objections is that the R&R improperly recommended that Plaintiffs' "class of one" claims under the Equal Protection Clause were futile and could not be added to the Second Amended Complaint.  (See ECF No. 253 at 5-11.)  Plaintiffs' arguments, however, simply reiterate those made in their moving papers.  (See ECF No. 221-4 at 4-6) (arguing that Plaintiffs had identified sufficiently similar comparators to succeed on its "class of one" claims.)  "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R & R] strictly for clear error."  New York City Dist. Council of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (citing Molefe v. KLM Royal Dutch Airlines, 602 F.Supp.2d 485, 487 (S.D.N.Y. 2009.)  Out of an abundance of caution, however, the Court reviews these arguments de novo and still rejects them.

First, the Court accepts Judge Lindsay's conclusion that Dazio is not a proper comparator to Muller, given the nature of proceedings between the parties at the time.  (See R&R at 16) ("However, Dazio's request was made after Plaintiffs' initiation of a state court proceeding (which

---

[1] It does not appear that the R&R foreclosed Plaintiffs from entering this stipulation in any way.  In fact, the R&R states that "[t]o the extent Plaintiffs seek to file a second amended complaint to remove defendant Joseph Ra, and to more accurately conform the pleading to the facts, the motion is unopposed."  (R&R at 18.)

was later withdrawn, *see* ECF No. 29) and, at the time, by Plaintiffs' own admission, the parties

were discussing a protective order preventing further dissemination of the list.")  Plaintiffs argue

that Dazio's FOIL request was treated differently than Muller's, as the Town did not respond until

22 days after the FOIL Law deadline, with "no rational basis."  (ECF No. 253 at 6.)  The R&R,

however, explains that:

> In light of the pendency of this lawsuit and the negotiations regarding the further
> dissemination of the Camp Anchor camper address list, Dazio's request cannot be
> used as a comparator to provide an inference that Plaintiffs were intentionally
> singled out for reasons that so lack any reasonable nexus with a legitimate
> governmental policy that an improper purpose is all but certain.

(R&R at 17.)  The Court agrees and finds that Dazio is not a sufficiently similar comparator.  See,

e.g., Certified Collision Experts, Inc. v. Town of Babylon, No. 23-CV-08524, 2024 WL 4904161,

at *6 (E.D.N.Y. Nov. 27, 2024) (denying class of one claims where "Plaintiff failed to meet that

high bar" of identify[ing] a comparator that is '*prima facie* identical'") (citing Neilson v.

D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005), overruled on other grounds by Appel v. Spiridon, 531

F.3d 138 (2d Cir. 2008)); Close v. Bedford Cent. Sch. Dist., No. 23-CV-4595, 2024 WL 3427213,

at *7 (S.D.N.Y. July 16, 2024) (dismissing class of one claims where Plaintiff failed to plead '"an

extremely high degree of similarity' to proposed comparators.") (quoting Ruston v. Town Bd. for

Town of Skaneateles, 610 F.3d 55, 59-60 (2d Cir. 2010).

Second, Plaintiffs again argue that "the TOH's difference in the treatment of the Camp

Anchor List when requested for benign purposes by G.B directly from Camp Anchor staff and by

Danzio, via a FOIL request like Muller, versus the treatment of the confidentiality of the Camp

Anchor List when requested by Muller" is sufficient to meet the requirements for their "class of

one" claim.  (ECF No. 253 at 10-11.)  This argument, however, was specifically rejected in the

R&R, which found that "Plaintiffs attempt to identify comparators that requested information and

6

were treated differently than Defendant Muller also fails. The requesters of information are not comparable to Plaintiffs, Plaintiffs complaint is based upon the release of their personal information, and not on their treatment as a requestor of information." (R&R at 17.) Plaintiffs supply no argument that would lead the Court to reject this conclusion. Thus, Plaintiffs' objection to the futility of their class of one claim under the Equal Protection Clause are OVERRULED.

## III.   CONCLUSION

The Court agrees with and adopts Judge Lindsay's analysis and recommendations set forth in the R&R. The parties' objections to the R&R are OVERRULED. The Court ADOPTS the R&R.

**SO ORDERED.**

Dated:   March 6, 2025
         Central Islip, New York

                                        (/s/ JMA)
                                   JOAN M. AZRACK
                              UNITED STATES DISTRICT JUDGE